GEORGE E. FELT v. THE REYNOLDS ROTARY FRUIT EVAPOR-
ATING COMPANY.

*Statute of limitations—Trial of goods sold.*

1. Where a contract for the sale of machinery contemplates that it shall
   be tested and put in running order, a cause of action does not arise
   upon the warranty therein until a reasonable time has been allowed
   for the necessary tests; and the time taken by the parties in trying
   to make the machinery fulfil the conditions of the contract is a
   proper criterion as to what is reasonable.

2. The sale of goods by a purchaser who has accepted them on condi-
   tion that they comply with a warranty makes the conditional accept-
   ance absolute; but a conditional acceptance alone does not perfect
   his right of action upon the warranty until it appears, upon reason-
   able trial, that the goods do not comply with it.

3. Payment for goods sold with a warranty does not necessarily preclude
   the purchaser from tendering them back for non-fulfilment of con-
   ditions if the payment was made as an accommodation and without
   waiving any rights.

4. Two months' delay in tendering back an unsatisfactory machine that
   had been sold with a warranty and did not fulfil its terms was not
   unreasonable where the vendor was allowed for the greater part of
   that time, to continue his efforts to make it work.

5. The right of action upon a contract for breach of the warranty therein
   is assignable. How. St. § 7344.

Error to Wayne.   (Jennison, J.)   Jan. 22.—Feb. 8.

ASSUMPSIT.   Defendant brings error.   Affirmed.

*Carpenter & Hannan* and *F. A. Baker* for appellant, as
to the time when unsatisfactory goods should be returned
before suing for breach of warranty, cited *Crippen v. Hope*
38 Mich. 344; *Boothby v. Scales* 27 Wis. 638; *Paige v.
McMillan* 41 Wis. 341; *Street v. Blay* 2 B. & Ad. 456;
*Mansfield v. Trigg* 113 Mass. 351; Benj. Sales § 703.

*Conely, Maybury & Lucking* for appellee, as to reason-
able time, cited *Phelps v. Whitaker* 37 Mich. 78; *Bell v.*

*Harvey* 50 Mich. 59; *Evans v. Hardeman* 15 Tex. 483; *Freeman v. Clute* 3 Barb. 425; *Adam v. Richards* 2 II. Bl. 573.

COOLEY, C. J. Felt, suing in his own right and also as assignee of Joseph Griswold, brings suit on the contract evidenced by the following papers:

"*To the Reynolds Fruit Evaporating Company, Detroit, Mich.*—GENTLEMEN: You will please furnish us one of your evaporators, size No. 2, for which we agree to pay $1200 twelve hundred dollars; of this amount one-fourth is to be paid in cash upon the setting up of the machine, ready to operate, and one-fourth in ninety days, with interest after thirty days, and one-half to be paid in dried apples put in new barrels and delivered at the depot in the village of Brooklyn, Jackson county, Michigan; apples to be made of good fruit and dried with the said evaporator and put up in a merchantable order, at 15 cents per lb. and to be delivered on or before last of November, A. D. 1876, or pay for the same in cash.        GEORGE H. FELT,
                                            JOSEPH GRISWOLD.
This order is subject to the agreement on the back."

On the back of the above was written as follows:

                                        "AUGUST 31, 1876.
The Reynolds Evaporating Company of Detroit agree to furnish George H. Felt and Joseph M. Griswold of Brooklyn, Michigan, one of their evaporators complete, on the terms of the within order, with the exception of the brick work, and guarantee and warrant the same to work well, and to make as good a quality of fruit as any other evaporator in use, and to have a capacity of 150 bushels of apples per day of twenty-four hours.
                                    REYNOLDS EVAPORATING Co.
                                    Pr. H. N. SWEENY, Agent."

N. B. If the parties named in the within order wish to change the size of machine to either No. 3 or No. 1, the price is also to be changed for No. 3, $1000 one thousand dollars; and for No. 1 to $1500 fifteen hundred dollars, he to determine within six days date. The capacity of machine is also to be changed in the same proportion; the evaporator is to be furnished and shipped within five days from the receipt of this order by the company. The com-

pany further agrees to put the said evaporator up and put it in good running order before payment is made.

REYNOLDS EVAPORATING CO.,
Pr. H. N. SWEENY, Agent."

This suit was begun October 18, 1882. Plaintiff gave evidence which showed that the evaporator was delivered and set up October 10, 1876. October 14, 1876, the purchasers paid for the machine in cash and notes, and on the notes fruit dried with the machine was subsequently paid. When the notes were given the machine had been tried somewhat and was not working satisfactorily, and it never worked satisfactorily afterwards. In the latter part of the following month the superintendent of defendant made an effort to fix it so as to make it comply with the warranty, but without success. About December 15th it was tendered back. It is now conceded that the machine never answered the terms of the contract.

Defendant contends that the action is barred by the Statute of Limitations; that the warranty was broken immediately on the machine being delivered and its deficiency made apparent, which was as early as October 14, 1876, and any suit not brought within six years from that time was not in season.

The statute governing the case provides that actions of assumpsit shall be brought "within six years next after the cause of action shall accrue, and not afterwards." How. St. § 8713. The question then is, When did the cause of action accrue? If the purchasers might have brought suit upon the warranty October 14, 1876, this suit is not in time.

We do not think an action had accrued at that time. The contract contemplated that the machine should be tested, both as to its capacity and the quality of fruit turned out by it; and this test the evidence shows was being made for a considerable time after the fourteenth of October. If suit had been brought at any time during that month, it would apparently have been a defense to it that there had not as yet been a reasonable time for testing the results of its workings; for the parties respectively were continuing

their experiments with it for some time longer; the one trying it and the other endeavoring to perfect it; and their acts are the best criterion as to the time required for these purposes.

It is said the vendees might, at any time after October 14th, have sold the machine and conveyed a good title. This may be true enough. They had accepted it conditioned on its compliance with the warranty, and if they had sold it they would have converted the conditional into an absolute acceptance. But they did not sell it, but on the contrary elected to tender it back when its worthlessness was proved. This was their right. There was nothing in the fact that payment had been made before the machine was fully tested that can conclude any rights. There was evidence that the early payment was made as an accommodation, and not as an acceptance or as waiving any right, and there was no ground for claiming a waiver.

It is argued that the offer to return the machine, which was made December 15, 1876, was not reasonable. Under the facts testified to we think otherwise. The delay after it had been fully determined that the machine was worthless was neither serious nor injurious to defendant.

The jury gave as damages the purchase price and interest. This is said to be erroneous, not only because the offer to return the machine was not seasonable,—which we have already decided untenable,—but also because a part of the payment made was in fruit dried with this evaporator, and which was received at a price much above the cost, so that the purchasers realized a considerable profit in preparing the fruit by the use of this machine. We do not think this appears by the record. It was shown that the cost of preparing fruit was considerably less than defendant allowed for what was received; but what the purchasers paid defendant was prepared during the process of testing the machine; and there was no attempt to show that the price they were allowed for the fruit exceeded the whole cost of testing. If it did not, there were no profits for which the purchasers could justly be held chargeable.

The question is made whether the claim was assignable so as to enable the plaintiff to sue alone. We have no doubt it was. It has been several times held that rights to sue to recover damages for fraud or deceit are not assignable ; *Dickinson v. Seaver* 44 Mich. 624; *Dayton v. Fargo* 45 Mich. 153; see *Brush v. Sweet* 38 Mich. 574: but there is no doubt of the right to assign a claim like this. The statute provides that the assignee of "any bond, note or other chose in action, not negotiable under existing laws," may sue upon it in his own name ; How. St. § 7344; and we have held that even actions for torts, if they were such as would survive to the personal representatives, are within the statute. *Final v. Backus* 18 Mich. 218; *Brady v. Whitney* 24 Mich. 154; *Grant v. Smith* 26 Mich. 201; *Finn v. Corbitt* 36 Mich. 318. But the present is not a case sounding in tort, and it is within the reason of the statute as well as its terms.

We find no error in the record, and the judgment must be affirmed.

The other Justices concurred.