### George E. Williamson v. William P. Heath.

Decided February 18, 1908.

**Guaranty—Breach—Limitation.**

One selling a bull guaranteed verbally that he was a breeder, and also agreed to refund a certain part of the purchase money upon satisfactory proof being made that the bull was impotent. Held, the two years statute of limitation applied, and the statute did not begin to run until such proof was made within a reasonable time.

Appeal from the County Court of Harris County. Tried below before Hon. A. E. Amerman.

Heath purchased from Williamson a bull for breeding purposes, paying therefor the sum of $350, on the 7th day of April, 1903. Williamson guaranteed that the bull was a breeder and agreed to refund the difference between $350 and the value of the bull for beef in the event the bull proved impotent upon satisfactory proof of that fact being made. The bull proved impotent, and Heath sold him for beef, realizing the sum of $55.25, and on March 21, 1906, filed this suit for the sum of $294, the difference between the purchase price and the amount realized, and also for $500 damages. The defendant plead a general denial and the two years statute of limitation. The trial resulted in a verdict for plaintiff for $264.75.

*Ira P. Jones* and *Bryan & McRae,* for appellant.

*L. B. Moody,* for appellee.

REESE, Associate Justice.—The contract of Williamson was not alone a verbal guarantee that the bull was a breeder, but that he would refund the purchase money, less the value of the bull for beef, upon satisfactory proof that the bull was barren. Appellee had no cause of action until this satisfactory proof was made, and this was not done until within two years of the filing of the suit. There was no unreasonable delay on appellee's part. We hold that the two years statute applies. The judgment is affirmed.

*Affirmed.*