[Civ. No. 1799.   Third Appellate District.—May 3, 1918.]

## E. L. MEYERS, Respondent, v. JOHN McKILLOP, Appellant.

ACTION FOR SERVICES—CONTRACT OF EMPLOYMENT—LIABILITY OF DEFENDANT—SUFFICIENCY OF EVIDENCE.—In this action for services of a physician rendered to a third party, it is held to be a fair inference from the testimony that the services were performed upon the reliance that the defendant would pay therefor, and that the latter directly promised to make such payment.

ID.—ORIGINAL CONTRACT—SUFFICIENCY OF CONSIDERATION.—Where services were performed for the benefit of a third party in reliance that defendant would pay therefor, and defendant directly promised to pay, an original contract was thereby constituted with a sufficient consideration for its support.

APPEAL from a judgment of the Superior Court of Butte County.   H. D. Gregory, Judge.

The facts are stated in the opinion of the court.

George F. Jones, for Appellant.

Lon Bond, and Dierup & Dierup, for Respondent.

BURNETT, J.—The action was for the recovery of the sum of $390.25 for services rendered by plaintiff as physician and surgeon and by his assignees, W. B. Johnson and Sacramento Valley Hospital (a corporation), and the judgment was in his favor for $359.25.

The only question in this case is whether the evidence warranted the court in finding that the transaction between plaintiff and defendant created an original or primary obligation on the part of the latter, it being his contention that he was, at most, a guarantor, and that the obligation was void because not in writing. The facts are similar and the same question is presented in the matter of the two small assigned claims.

We think that there can be no doubt that the theory adopted by the trial court finds sufficient support in the record. The services were performed for one F. J. Williams, and Dr. Meyers was called to attend him on the fifth day of October. Two days thereafter, according to plaintiff's testimony, he had the following conversation with the defendant at the Sacramento Valley Hospital: "I asked him whether he would pay Mr. Williams' bill. I told him I had an understanding he was going to pay the bill and he said he would. I told him perhaps we had better make the sister feel more easy about the money. When we went downstairs, I repeated the conversation in front of Sister Marie and the substance was that he was to pay Mr. Williams' bill."

He furthermore testified: "I made three calls on the 7th; on the 8th three calls; on the 9th there were five calls made; and on the 10th he was operated on by myself, Dr. Johnson and Dr. Wilson. I called on him twice subsequent to the operation; on the 11th I called three times; on the 12th I called four times; and on the 13th three times the day he died."

These services performed after his conversation with defendant were reasonably worth, so he said, the sum of $305, and this was allowed by the court.

It is a fair inference from the foregoing that these services were performed upon the reliance that the defendant would pay, and it is also a fair inference that the latter directly promised to make such payment. This constitutes an original contract with a sufficient consideration for its support: (*Klamath Lumber Co.* v. *Co-operative Land & Trust Co.*, 25 Cal. App. 678, [145 Pac. 159].)

It is true that Dr. Meyers was originally called by one Barnholdt, but there is no evidence that he was employed by the latter or by Williams or that he looked to either for his compensation. At any rate, we may eliminate the services performed on the 5th and 6th of October, as did the trial judge, and consider only what was done after said conversation with the defendant. This may be considered a separate and distinct contract, and we see no legal obstacle in the way of enforcing it. It is true that the defendant denied any agreement for the payment of the claim, but the court below obviously did not believe him, and we cannot say that the want of faith was not justified.

There is some contention in the closing brief that it does not appear whether the findings cover the entire period of the service or the time subsequent to plaintiff's employment by the defendant. The particular finding in point follows the allegation of the complaint:

"That within two years last past plaintiff within the county of Butte, state of California, rendered medical and surgical services to one F. J. Williams at the special instance and request of the defendant, and defendant promised and agreed to pay the value thereof."

Of course, from this it could not be determined whether it covered the entire period or not, but the allegation in the complaint was certain and definite enough to withstand the general demurrer which was interposed, and the exact time covered by the services for which defendant was held liable was revealed by the evidence. The amount found due corresponded exactly with the testimony as to the value of these services, and we are not inclined to the view that there is any merit in this claim of the appellant.

Indeed, the case is simple and there seems no necessity for any further consideration.

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.