CUNNINGHAM v. FRONTIER LUMBER CO. et al. (No. 6816.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 15, 1922.)

1. Limitation of actions ⊚⟼46(9) — Cause of action on contract of guaranty runs from discovery of falsity of representations.

Where roofing was warranted for 10 years to give satisfaction, no cause of action arose for breach until discovery of the falsity of representations and worthlessness of the roofing furnished.

2. Limitation of actions ⊚⟼127(4) — Amendments to petition in original timely action held not barred.

Where suit for breach of warranty of roofing sold was instituted within less than 2 years after the cause of action accrued, and the original petition alleged an express warranty of the roofing for 10 years and this was reiterated in subsequent amendments, the suit was not barred by limitation.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by A. W. Cunningham against the Frontier Lumber Company and another. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Wm. S. West, of Brownsville, and Duval West, Jr., of Harlingen, for appellant.

Kibbe & Perkins and Graham, Jones, Williams & Ransome, all of Brownsville, for appellees.

FLY, C. J. On November 30, 1920, appellant filed a suit for damages against Frontier Lumber Company and Bird & Son, representing that during the summer of 1918 he was building a residence, and upon the representations of appellees that a certain kind of roofing material known as "Twin Shingle Roofing" was first-class, would turn water and last for years, and would give entire satisfaction, and upon agreement that appellees would warrant the roof for 10 years to give satisfaction, appellant was induced to use the roofing; that the house was completed on November 20, 1918, and was soon thereafter occupied by appellant and family; that at that time the roof seemed to be all right, and no defects were apparent; that during the month of December, 1918, rain came, and went through the roof in several places, and at each subsequent rain more and larger leaks were developed, until it became apparent that the roof was totally defective. Appellant alleged that he tried to stop the leaks, and, failing to do so, notified appellee Frontier Lumber Company, and in June, 1919, appellant was forced to place a new roof on his house, for which said appellee assured appellant he would be reimbursed, but said appellee has failed and refused to make said reimbursement. Damages in the sum of $1,024.55 were sought. On March 15, 1921, appellant filed an amended petition, in which the allegations were made as in the original petition with some amplifications, and it was further alleged that in September, 1920, a representative of appellees sought an adjustment of appellant's claim, and made an offer of $390 for the damages, which was declined by appellant, and he prayed for $1,300 damages. On January 23, 1922, a second amended petition was filed, in which the essential allegations of the first petition were made in a more accurate manner as to substance and detail. The cause was, in all practical and substantial matters, the same as was pleaded in the original petition.

[1, 2] Appellant had no cause of action until he discovered the falsity of the representations of appellees and the utter worthlessness of the roofing furnished by them. The suit was instituted in less than 2 years after the cause of action accrued, even if it accrued at the time the roof sprung the first leak, which we very much doubt. The original petition alleged an express warranty of the roof for 10 years, and this was reiterated in each amendment. The allegations show that appellant did not really ascertain the worthlessness of the roof until the winter of 1919, and the first amended petition was filed in less than 2 years thereafter.

The suit was instituted in time, and was not barred by limitation, and the court erred in sustaining the exceptions to appellant's pleadings.

The judgment is reversed, and the cause remanded.