LOUISVILLE SILO & TANK COMPANY v. THWEATT.

Opinion delivered June 20, 1927.

1. LIMITATION OF ACTIONS—BREACH OF WARRANTY.—Crawford & Moses' Dig. § 6955, providing that actions on instruments in writing shall be commenced within five years, applies to a buyer's action for damages for breach of warranty arising from a written contract of sale.

2. LIMITATION OF ACTIONS—WHEN STATUTE BEGINS TO RUN.—The commencement of the limitation period is contemporaneous with the origin of the cause of action.

3. LIMITATION OF ACTIONS—BREACH OF WARRANTY.—Ordinarily, a cause of action for breach of warranty on the sale of personal property accrues upon the delivery of the property, and the statute of limitations runs from the date of delivery.

4. LIMITATION OF ACTIONS—STATUTE TOLLED WHEN.—While the statute of limitations ordinarily begins to run against an action for breach of warranty on the sale and delivery of a chattel which does not comply with the warranty, yet the statute is tolled so long as the vendor insists that the defect can be repaired and is attempting to do so.

5. PLEADING—ADMISSION BY DEMURRER.—In an action for breach of warranty on the sale of a chattel, allegations of the complaint that it was without value and that return thereof had been tendered, were admitted by defendant's demurrer.

6. SALES—MEASURE OF DAMAGES FOR BREACH OF WARRANTY.—The measure of damages for breach of a warranty in a sale of a granary was the price paid, where the article was without value and the buyer had tendered its return.

7. LIMITATION OF ACTIONS—ACCRUAL OF CAUSE OF ACTION.—In an action by a buyer against a seller for damages to rice arising from defects in the granary sold, the statute began to run from the time when damage to the rice was discovered, as the cause of action for damages accrued at that time.

8. LIMITATION OF ACTIONS—PAROL AGREEMENT.—The statute of limitations applicable to a verbal promise of the seller to repair a granary, and a verbal warranty that the attempt to make such repairs would be successful, was the statute applicable to parol agreements, though the sale contract was in writing.

9. LIMITATION OF ACTIONS—WHEN STATUTE NOT TOLLED.—The right of a buyer to sue for damages to rice, caused by the defective condition of a granary sold, was not affected by the seller's promise that damage would not occur in the future, so as to prevent the running of the statute.

Appeal from Prairie Circuit Court, Southern District; *George W. Clark,* Judge; affirmed.

*M. F. Elms,* for appellant.

*W. A. Leach,* for appellee.

SMITH, J.   Appellee filed a complaint on February 9, 1925, against appellant, which contained the following allegations:

That, on or about September 30, 1918, he purchased from the defendant a steel granary, to be used by him in storing his rice crop. Said granary was warranted to be fit and suitable for the purpose for which it was sold and to be so constructed as to keep rice stored therein perfectly dry and prevent any damage on account of excessive moisture. The granary was installed in the fall of 1918, and, in October of that year, plaintiff stored his 1918 rice crop therein, where it remained until the early part of 1919; and, upon removing the rice from the granary, it was found that said granary had permitted such a large inflow of water that 250 bushels of the rice were destroyed. The defendant, upon being notified, attempted to repair the granary, and assured plaintiff that it had been repaired and would not leak, and that rice could be stored therein without loss or damage. Relying on this representation, and believing that the granary would no longer leak, plaintiff stored his 1919 rice crop in the granary in the fall of that year, but, upon removing it in January, 1920, it was found that 300 bushels of the rice had been totally destroyed and was unfit for market by reason of having become wet. The defendant was notified of this damage, and again undertook to repair the granary and to put it in such condition that it would prevent the inflow of water, and, after making such repairs, again informed plaintiff that rice could be stored in said granary safely and without any fear of loss or damage on account of leakage. Relying on defendant's assurance that such granary was in such condition that rice could be stored therein with safety, plaintiff stored his 1920 crop therein in the fall of that

year, but, when removed in the following spring, it was found that 300 bushels of the rice had been totally destroyed. Said granary was purchased for the price of $769, of which $300 was paid upon its installation. The balance of $469 was evidenced by a promissory negotiable note, which had passed into the hands of an innocent purchaser for value before maturity, and plaintiff was required to pay it. Said granary was wholly unfit for the purpose for which it was sold, and is entirely without value, and plaintiff offered to return it, and made tender thereof. Wherefore plaintiff prayed judgment for the purchase price of the granary, and for damages to his crops of rice.

To each of these causes of action the defendant interposed a demurrer upon the ground that it affirmatively and necessarily appeared from the face of the complaint that each cause of action was barred by the statute of limitations.

The court overruled the demurrer to the paragraph of the complaint in which judgment for the purchase price of the granary was asked, but sustained the demurrer to the three paragraphs praying damages for the loss of the rice. The defendant stood upon its demurrer, and declined to plead further, and judgment was rendered against it for the purchase price of the granary, and the complaint was dismissed as to the claims for damages to the rice. From this judgment the defendant has appealed, and the plaintiff has prosecuted a cross-appeal.

Appellant insists that all the causes of action sued upon are barred, and that the court erred in not so holding, while appellee insists that none are barred except the action for the damage to the rice stored in the granary in the fall of 1918.

Section 6955, C. & M. Digest, reads as follows: "Actions on promissory notes, and other instruments in writing, not under seal, shall be commenced within five years after the cause of action shall accrue, and not afterward."

The granary was sold under a written contract, and the applicable statute of limitations to the action for damages for its breach is the statute quoted. *Sims* v. *Miller,* 151 Ark. 377, 236 S. W. 828.

Appellant insists, however, that, as more than five years expired between the installation of the granary and the institution of this suit, the cause of action to recover for the breach of the warranty is barred.

Ordinarily a cause of action for breach of warranty in the sale of personal property accrues upon the delivery of the property, the warranty being broken when made, and the statute of limitations runs from the date of delivery. This is true because the commencement of the limitation is contemporaneous with the origin of the cause of action. *Woodland Oil Co.* v. *Byers & Co.,* 132 Am. St. Rep. 737, 223 Pa. 241, 72 A. 518.

A well-considered case, which supports appellant's contention, is that of *Fairbanks, Morse & Co.* v. *Smith,* 99 S. W. 705, which was affirmed by the Supreme Court of Texas in 102 S. W. 908, 101 Tex. 24. The syllabus in that case reads as follows:

"Where there was a breach of a warranty that a gasoline engine would develop 34 horsepower and would be suitable for pumping water to irrigate a crop of rice, the statute commenced to run against the buyer's right of action and counterclaim for damages when the engine was installed, and not subsequently, when consequential damages arose in the loss of his crop, without regard to when he discovered the breach, and though the seller, after installing the engine, undertook to render it effective."

The authorities, however, are divided on this question. The case of *P. H. Sheehy Co.* v. *Eastern Importing & Mfg. Co.,* 44 App. D. C. 107, is extensively annotated in L. R. A. 1916F, 810. The syllabus in that case reads as follows:

"The statute of limitations upon an action for breach of warranty upon a sale of canned goods to a wholesaler for resale does not begin to run until the breach is dis-

covered, or should have been discovered, by the retailers, where it was not practicable for the wholesaler to open the cans for inspection.''   .

In the annotator's note to the case last cited a number of cases in harmony with it are reviewed. Among other cases reviewed is that of *Felt* v. *Reynolds Rotary Fruit Evaporating Co.*, 52 Mich. 602, 18 N. W. 378, in which the opinion was written by Cooley, C. J. In that case a fruit evaporator had been sold under a warranty, which was broken, and the manufacturer made an effort to fix the machine so as to make it comply with the warranty, but the attempt failed. After keeping the evaporator for some months the purchaser tendered it back and demanded the return of the cash payment made and the surrender of notes given for the balance of the purchase money. When the offer was declined, suit was brought, and the statute of limitations was pleaded, it being insisted there, as it is here, that the statute of limitations against the action for the breach of the warranty began to run from the date of the delivery and installation of the machine. The contract of sale contained no provision for a test to be made of the machine before the sale thereof should be complete, but Judge Cooley said that the contract contemplated that a test should be made both as to the capacity of the machine and the quality of fruit turned out by it, these being matters covered by the warranty, and that, if suit had been brought at any time before the test, it would apparently have been a defense to the suit that there had not been, as yet, a reasonable time for testing the result of its workings, ''for the parties respectively were continuing their experiments with it for some time longer; the one trying it and the other endeavoring to perfect it; and their acts are the best criterion as to the time required for these purposes.'' It was there held that the statute of limitations did not begin to run against the cause of action for the breach of the warranty until there had been a failure, after test, to make the machine comply with the warranty.

In the annotator's note, *supra,* the annotator says, after reviewing the Michigan case, that "a decision somewhat in conflict, however, with the above Michigan case, and seemingly not so much in accord with reason and justice, is that of *Fairbanks, M. & Co.* v. *Smith* (Tex. Civ. App. 1907), 99 S. W. 705, affirmed in 101 Tex. 24, 102 S. W. 908."

Other cases are cited in the annotator's note which are in accord with the views expressed by Judge Cooley.

In the case of *Dyke* v. *Magdalena,* 171 Ark. 225, 283 S. W. 374, a refrigerator had been sold under the warranty that it would preserve meats. It failed to do this, and the manufacturer attempted by repairs to make it do so. The attempt failed, and the purchaser sued for the breach of the warranty and for the damage to the meats which had been placed in the refrigerator. It was insisted that the purchaser was in default in failing to sue promptly for breach of the warranty, but we held that such was not the case because of the attempts which were made to remedy the defects.

We hold therefore that, while the statute of limitations ordinarily begins to run against an action for breach of warranty upon the sale and delivery of a chattel which does not comply with the warranty, yet the statute is tolled so long as the vendor insists that the defect can be repaired and is attempting to do so. It follows therefore that the suit to recover the purchase money was brought before the bar of the statute had fallen, and, inasmuch as the complaint alleges and the demurrer admits that the granary was without value, and the return thereof had been tendered, the measure of damages was the price paid, and the judgment rendered for that amount will be affirmed.

We are of the opinion that the court was correct in sustaining the demurrer to the counts of the complaint praying damages for the loss of the rice. When the rice was damaged a complete cause of action accrued. The first damage was sustained in 1919, the next in 1920, and the last in 1921, and more than three years inter-

vened after the last damage was sustained before the institution of this suit.

The attempts to repair were made pursuant to a verbal promise so to do and a verbal warranty that the attempts would be successful. Any rights growing out of these promises to repair and the attempts to make the repair rested upon a parol agreement, and the applicable statute of limitations against such contracts is three years. Had the attempts to repair the granary been successful, so that thereafter it would have complied with the warranty, this would not have satisfied the claim for damages which had already accrued. In any event, the suit for the damages to the rice accrued when the damage to the rice was discovered, and any promise that the damage would not recur in the future could not affect the right to sue for damages which had already been sustained. Suits for the damage to the rice should therefore have been brought within three years after its occurrence, and, as this was not done, the court below properly held that the suits therefor were barred.

The judgment of the court below appears to be correct upon both propositions, and it is therefore affirmed.