SEWALL PAINT & GLASS CO. OF TEXAS
v. BOOTH LUMBER & LOAN CO.

No. 10727.

Court of Civil Appeals of Texas. Dallas.
Dec. 6, 1930.

Rehearing Denied Jan. 10, 1931.

Turner, Rodgers & Winn, of Dallas, for appellant.

Earle E. Miller, of Dallas, for appellee.

JONES, C. J.

Appellee, Booth Lumber & Loan Company, recovered a judgment in the sum of $1,567.61 in a district court of Dallas county against appellant, Sewall Paint & Glass Company of Texas, and an appeal is duly prosecuted to this court. The following is deemed a sufficient statement of the facts:

On July 8, 1925, appellant contracted to sell appellee a certain character of mixed paint, giving a verbal warranty that the paint would be manufactured by the same formula as was being used by another paint manufacturing company in the manufacture of a paste paint that was being used and sold by appellee. A large quantity of this paint was delivered to appellee between the dates of October 15, 1925, and August 26, 1926, and was used by appellee in its business of furnishing material, including paint, to be used in the construction of houses. This paint proved to be unsatisfactory to appellee, in that, after it had been used on houses, it would "peel off, mildew or turn black," with the result that appellee was compelled, at its own expense, to repaint such houses with other paint.

A controversy arose between the parties in reference to the paint and other transactions, with the result that, on December 26, 1926, appellant instituted a suit in the United States District Court for the Northern District of Texas, sitting at Dallas, for the recovery of $5,680 as indebtedness alleged to be due from appellee as unpaid purchase price of merchandise. Of this total sum, $2,765 represented the unpaid purchase price of the paint in question. To this suit appellee filed an answer, in which was alleged the failure of the paint to measure up in quality to the paint sold under the contract, and also claimed, in a cross-action, damages as a set-off against appellant's suit, alleging, among other items of damage, the cost appellee had been compelled to incur in repainting houses on which the paint in question had been used. In this cross-action is named specifically the houses that had been repainted and the cost incident to such work on each house. As a part of its cross-action, and in addition to the other claims, it alleged: "That this defendant now has complaints and threats of suits with reference to buildings it has not repainted and which it is now called upon to repaint, which will cost this defendant, in the way of labor and material to repaint, about $2,500."

To this allegation appellant, in a supplemental petition, presented the following exception: "plaintiff especially excepts to the allegations contained in Section 11 (above quoted) of the defendant's first amended original answer, for the reason that the allegations therein made are indefinite, uncertain, speculative and contingent, without any allegation that the damages therein sought have yet been suffered by the defenedant."

This exception was sustained by the court, and the allegation was stricken from appellee's cross-action. The order entered on this and other exceptions sustained by the court shows that, when the ruling on such special exceptions was announced, appellee did not make "any request of the court for leave to amend its first amended original answer or any pleadings theretofore filed in the cause." No evidence was admitted on the stricken item in said cross-action, and the claim thus attempted to be made was not submitted to the jury or disposed of by the judgment, oth-

er than by the order sustaining the special exception.

Subsequent to the judgment in the federal District Court, appellee was compelled to repaint a number of houses at a cost of $1,567.-61 for labor and material; such cost being the amount of the judgment in this case. Appellee was compelled to incur this cost because of the failure of the paint purchased from appellant. The damages awarded by this judgment resulted from the same matters attempted to be alleged in the paragraph stricken from its answer in the cross-action filed in the former suit, but at the time such paragraph was stricken out, no part of this work had been performed, and hence no part of the damages at such time had been suffered by appellee.

Appellee's petition is sufficient in allegations to warrant the judgment entered. To this suit, appellant first filed a plea in abatement, based on the ground that the former judgment is res judicata as to all matters alleged in this suit. The allegations in this plea are full, and clearly present such claim. The plea in abatement was overruled, to which ruling appellant duly excepted and assigned error. In its answer to the merits, appellant also presented the same plea in bar of this suit, pleaded the general issue, and especially pleaded the two-year statute of limitation.

The case was tried to a jury, and, after appellee had closed its evidence, appellant moved for peremptory instruction, both on the ground of res judicata and on its defense of limitation. Both grounds of the motion were overruled by the court, and the case submitted to the jury on special issues. Appellant did not introduce evidence after appellee closed its case. Appellant also objected to each submission of issues to the jury made by the court, on the ground that no issuable grounds for recovery were made by appellee's evidence, and duly reserved its exceptions to the court's ruling on its objections.

The verdict of the jury paraphrased, on the special issues, is as follows:

"No. 1: Appellant did agree to furnish appellee a paste paint of a certain formula contained in a sample bucket of paint manufactured by the Great Western Paint Company of Kansas City, Missouri, and submitted to appellant by appellee.

"No. 2: The paint manufactured and furnished appellee by appellant was not according to said formula or sample as submitted to appellant by appellee.

"No. 3: The paint so furnished to appellee by appellant was used in painting the houses of appellee's customers as set out in appellee's Exhibit 'A,' attached to its petition.

"No. 4: Such paint, after being applied upon the houses of appellee's customers, as set out in Exhibit 'A,' attached to its petition, did peel off, mildew or turn black.

"No. 5: The sum of $1,567.61 was required to be expended by appellee in repainting the houses of its customers, as set out in Exhibit 'A,' attached to its petition, and this sum was a reasonable cost for labor and material."

The court gave the following charge on the burden of proof: "The burden of proof is upon the plaintiff to establish by a preponderance of the evidence the affirmative of special issues Nos. 1, 3 and 4, and the negative of special issue No. 2, and the amount, if any in answer to special issue No. 5."

Appellant duly excepted to this charge on the burden of proof on the ground that it was not a proper charge on the burden of proof in a case submitted on special issues, and was framed in such manner as to inform the jury the effect of answers to the special issues. This exception was overruled, and appellant has assigned such ruling as error. Under the circumstances of this case, no evidence being introduced except by appellee, and there being no instruction that the jury should answer any special issue from a preponderance of the evidence, there is no reversible error in this charge.

The verdict of the jury on the special issues is supported by evidence, and the findings thereon are adopted as the findings of this court. The judgment entered is the only judgment that could have been rendered under the findings of the jury.

The defense of limitation to appellee's cause of action was not submitted to the jury, and this defense must be regarded as resolved by the court against appellant. The evidence in reference to this plea is undisputed, and hence raised no issuable fact to be passed upon by the jury. There is a question of law as to the legal effect of this undisputed evidence, in reference to appellant's plea of limitation. Appellant has duly assigned error on the action of the court in this respect.

The disposition of this appeal depends in the main on the solution of the questions, viz.: (1) Is the judgment of the federal District Court res judicata of the cause of action alleged by appellee in this suit? (2) Does the undisputed evidence show that appellee's cause of action was not barred by the two-year statute of limitation? These questions will be discussed in the order in which they are stated.

Appellant's contention in respect to the defense of res judicata is based on two grounds, viz.: (a) That the sustaining of a special exception to the allegation, which alleged the identical subject-matter as a ground for recovery against appellant in appellee's cross-action in the suit in the federal court, as is alleged in the instant case, was an adjudica-

tion of such subject-matter on its merits; (b) that it was incumbent upon appellee, when it voluntarily availed itself of the opportunity to plead its demand against appellant as a set-off against appellant's suit in the federal court, to make the most of such opportunity and plead its entire damages for the alleged breach of the contract in question, and, if it only pleaded a part of its damages, it is estopped from attempting to recover in another suit the remainder of such damages.

 The first of these contentions is overruled. The sustaining of a special exception to an item in a defendant's cross-action pleaded by way of set-off is not an adjudication of the subject-matter of such item. The rule is well stated by 34 C. J. 866, as follows: "A party is not barred from suing on a claim or demand because he pleaded it as a set-off in a former action, if it was not adjudicated or allowed in such action, as where it was excluded or rejected by the court, or voluntarily withdrawn by defendant himself, and defendant's failure to appear and litigate a counter claim is an implied withdrawal thereof within the meaning of the rule." Dixon v. Watson, 52 Tex. Civ. App. 412, 115 S.W. 100; Alley v. Bessemer Gas Engine Co. (Tex. Civ. App.) 228 S.W. 963; Strickland v. Higginbotham Bros. & Co. (Tex. Civ. App.) 220 S.W. 433; Hermann v. Allen (Tex. Civ. App.) 118 S.W. 794; authorities cited in notes to Corpus Juris, supra.

 The second ground of appellant's contention presents a more difficult question, and requires a more extended examination into the law of this case. The allegation in appellee's cross-action, stricken from its pleading, on special exception, showed conclusively that at the time of the trial of such suit appellee had not actually suffered the damages it sought to recover, in that it had neither repainted, nor been compelled to repaint, any of the houses alleged in such stricken pleading as a basis for recovery of damages. In other words, the stricken allegation shows on its face that no cause of action, in reference to the matter complained of, had matured in favor of appellee, and hence the allegation was subject to the exception urged that the damages sought were "speculative and contingent, without allegation that the damages therein sought had been suffered by defendant."

Appellee's cross-action in the former suit, as well as its cause of action in the instant suit, was not a suit for breach of a contract of sale and purchase, but for a breach of the warranty of the paint purchased. Its complaint in such former case was that the paint purchased did not measure up to the warranty given at the time it was purchased, and its complaint in the instant case is the same. The damages sought to be recovered in each case is in satisfaction of the injury it suf-

fered by reason of the fact that appellee had to make good to its customers the very warranty made by appellant to appellee. Manifestly, appellee suffered no injury until it was compelled by a customer to make good this warranty by repainting his house. Its cause of action for damages did not mature until it had incurred the expense of repainting the houses of customers who had used this paint. The effect of the special exception sustained in the suit in the federal court is that appellee could not recover the damages alleged in the stricken allegation, because it showed on its face that appellee had suffered at such time no injury by reason of the failure of the paint. The injury suffered by appellee by reason of the failure of the paint to measure up to appellant's warranty consisted of a series of damages maturing when appellant was compelled to repaint the house of a customer who had used the defective paint. Each of the series of damages is distinct within itself, in that it rested on different evidence to establish it.

At the time appellee was called upon to file its answer in the federal court, there were a number of matured claims for damages in its favor because of houses that it had been compelled to repaint. It also had a contingent claim for damages by reason of the fact that other customers of appellee were complaining that the paint had failed on their houses. It presented in its cross-action both the matured and contingent claims as a set-off to appellant's suit. On appellant's objection, in the form of a special exception the contingent claim was stricken out and not adjudicated. While this claim rested on the same breach of warranty upon which the matured claims rested, still it was separable, supported by evidence distinct from the evidence that supported the matured claims. Because of appellant's action in presenting the special exception, the merits of the contingent claim were not adjudicated in such suit, but left in its then status of a mere contingent claim. We do not believe the rule that appellant invokes is applicable to this case, and that appellee could present in the suit in the federal court the matured claims in its favor, without prejudicing its right to demand payment of the other claim when it matured. 34 C. J. 867, we think, announces the doctrine applicable to this case, viz.: "The failure of defendant in a prior suit relating to the same subject matter to file a cross bill will not bar a subsequent suit by him where the relief sought could not have been given on such cross bill." All assignments of error in reference to this matter are overruled.

 Did the court err in holding that, as a matter of law, appellee's claim was not barred by the two-year statute of limitation? Rev. St. 1925, art. 5526. The evidence as to this issue is undisputed; it shows that the

paint was sold to appellee more than two years before the institution of this suit. It further shows that this suit was instituted within two years after appellee had been injured by reason of the failure of the paint to measure up to the warranty. In the foregoing discussion, we have held that appellee's cause of action did not arise until he was required to incur the expense of repainting the houses whose owners had used the paint in question, for only at such time did appellee suffer injury, and a cause of action arise in its favor. This is decisive of the plea of limitation, and all assignments of error in this respect are overruled.

We have carefully examined all other assignments of error, with the result that we find no reversible error presented by any of them, and they are overruled. For reasons stated, we are of the opinion that this case should be affirmed, and it is so ordered.

Affirmed.