[Civ. No. 15385.   Second Dist., Div. Two.   Mar. 25, 1947.]

SOUTHERN CALIFORNIA ENTERPRISES, INC. (a Corporation), Appellant, v. D. N. & E. WALTER & COMPANY (a Corporation), Respondent.

Zagon, Aaron & Sandler, Jacob Paull and Ralph A. Harper for Appellant.

Ben C. Cohen and Leo Shapiro for Respondent.

WILSON, J.—To adopt the theory advanced by respondent and accepted by the trial court relative to the purpose of the statute of limitations would be to ordain the statute as an instrument for the protection of fraud instead of for its prevention. The action is upon a breach of a warranty made by respondent upon the sale of carpet. If it should be held that the statute began to run at the date of the sale of the carpet and not when it had been ascertained and established as a fact that the warranty had been breached, not only would appellant be deprived of its right to present its cause of action on the merits but respondent would be invited to continue the making of similar warranties to others secure in the knowledge that it would not be required to answer in damages for their breach.

The judgment appealed from followed an order sustaining a demurrer to the amended complaint without leave to amend further. The facts alleged are as follows: Appellant at all times mentioned in the pleadings was the owner and operator of a ballroom and cafe; respondent was engaged in the business of fabricating, assembling and selling carpet throughout the United States; in April or May, 1943, appellant and respondent entered into an oral agreement whereby the latter agreed that if appellant would purchase the carpet required for its place of business from one Jack Freeman, who in turn would purchase the same from respondent, such carpet when installed in appellant's place of business would, by reason of its quality and the manner in which it would be assembled and installed, last for a period of six to eight years following its installation; pursuant to and relying on said agreement appellant on or about August 18, 1943, purchased the carpet required for its place of business from Freeman and he purchased it from respondent; the latter fabricated and assembled the carpet, delivered it to appellant's place of business and through its own employees laid and installed it in September, 1943; appellant paid Freeman the purchase price; within two

years prior to the commencement of the action the seams of the carpet began to open and the edges began to ravel; respondent was notified and it attempted to remedy the condition by removing and replacing portions of the carpet and by recementing other portions without charge to appellant; in spite of the attempted replacement and repair the carpet continued to open at the seams and to ravel at the edges; it became so frayed and ragged that it detracted from the appearance of appellant's place of business and constituted a hazard to its customers; ever since January, 1944, the carpet has been unfit for appellant's use, is of no value or service, and did not last for the time nor serve the purpose warranted by respondent.

1. *The statute of limitations.* The action was commenced on December 13, 1945, more than two years after the purchase of the carpet and more than two years after it was installed in appellant's place of business but less than two years after the appearance of the only defects complained of, to wit, the opening of the seams and the raveling of the edges.

The question is when the two-year statute of limitations (Code Civ. Proc., § 339, subd. 1) began to run, whether (1) at the date of the contract or, at the latest, the date of the installation of the carpet, in which event the action is barred; or (2) when the defects complained of appeared, in which case it is not barred. Was the warranty in its nature present or prospective?

The allegations of the amended complaint are clear and definite that respondent warranted that the carpet would, by reason of (a) its quality and (b) *the manner in which it would be assembled and installed,* last for a period of from six to eight years following its installation.

The trial court erred in sustaining the demurrer without leave to amend. There is no allegation in the amended complaint that the *body* of the carpet, its *quality,* was defective, or that it suffered even the slightest amount of wear. The defect complained of and the alleged breach of the warranty relate solely to fabrication and workmanship—the seams opened and the edges raveled. The failure of the carpet to last for the period warranted was occasioned by the defective sewing of the seams and binding of the edges, constituting a breach of the warranty as it related to good workmanship in

assembling and installing it, but not as to the quality of the carpet itself.

The cause of action is on a warranty of a future happening and it did not arise and the statute of limitations did not begin to run at the date of sale but was postponed until the future event failed to materialize. In *Crawford* v. *Duncan,* 61 Cal.App. 647 [215 P. 573], a doctor warranted that his radium treatments would not leave a permanent scar on the plaintiff's skin. The court held (p. 651) that the warranty related to a future event by which it would be ascertained whether or not it would be breached, and that the statute of limitations did not begin to run at the date of the contract of warranty since the cause of action did not accrue until the happening of the future event that the defendant had warranted. Where a vendor of carpet warranted that it would remain free from spots and discoloration caused by grease left in it in the process of manufacture, and no spots existed at the time of sale but developed later, the right of action on the warranty was held to begin to run at the date of the appearance of the spots. (*J. Kennard & Sons Carpet Co.* v. *Dornan,* 64 Mo.App. 17, 25.) A cause of action for breach of warranty on a .heating plant accrues, not at the date of the warranty, but on the date when it is finally determined that the plant would not satisfy the terms of the warranty, after attempts are made to remedy the defects. (*Heath* v. *Moncrieff Furnace Co.,* 200 N.C. 377 [156 S.E. 920, 922, 75 A.L.R. 1082, 1085].) Where a machine is warranted to perform in a specified manner an action for damages for its failure does not accrue on delivery of the machine nor on its first failure where the vendor is endeavoring to perfect it. (*Felt* v. *Reynold's Fruit Evap. Co.,* 52 Mich. 602 [18 N.W. 378, 379].) Where roofing was warranted for 10 years the purchaser had no cause of action for breach of the warranty until discovery of the worthlessness of the roofing. (*Cunningham* v. *Frontier Lumber Co.,* (Tex.Civ.App.) 245 S.W. 270.) Likewise, an action against a manufacturer of paint does not arise on his warranty until the failure of the paint to measure up to the warranty appears. (*Sewall Paint & G. Co.* v. *Booth Lumber & L. Co.,* (Tex.Civ.App.) 34 S.W.2d 650, 654.) The statute does not begin to run on a breach of warranty on the sale of canned goods until the breach is discovered or should have been discovered, where it is not practicable to open the cans for inspection. (*P. H. Sheehy Co.* v.

*Eastern Imp. & Mfg. Co.,* 44 App.D.C. 107, L.R.A. 1916F 810, 812.) A cause of action does not accrue on a warranty that an animal is a breeder until there is satisfactory proof that the animal is barren. (*Williamson* v. *Heath,* 49 Tex.Civ. App. 254 [108 S.W. 983].)

The rule stated in the Restatement of the Law is in accord with the cases cited. Under a contract for the sale of goods the failure of the buyer, after acceptance of the goods, to give notice to the seller of the latter's breach of warranty "within a reasonable time after the buyer knows *or has reason to know* of such breach, discharges the seller's duty to make compensation." (Emphasis added.) (2 Rest., Contracts, § 412, p.777.) Illustration two under that section is that where a horse is sold with a warranty of soundness, and owing to a latent defect it is unsound and the unsoundness does not become obvious until after delivery, the purchaser can recover if he makes demand on the seller immediately after discovery of the defect. Absent a defect there could be no cause of action; absent the purchaser's knowledge or means of knowledge of a defect the cause of action would not accrue.

If "the warranty as to kind or quality of the article is construed as prospective, and its truth cannot be ascertained until the happening of a future event to which the warranty relates, then it is not broken until the happening of that event, and the statute of limitations does not begin to run until that date." (75 A.L.R. 1086, note, and cases cited.)

Whether a cause of action for breach of a warranty arises (1) at the date of the sale or (2) when the defect is discovered, the statute of limitations is tolled as long as the vendor claims that the defect in the article can be remedied and he is attempting to correct the error. (*Louisville Silo & Tank Co.* v. *Thweatt,* 174 Ark. 437 [295 S.W. 710, 712] ; *Woodward-Wight & Co.* v. *Engel Land & L. Co.,* 123 La. 1093 [49 So. 719, 724] ; *Felt* v. *Reynold's Fruit Evap. Co., supra; Heath* v. *Moncrieff Furnace Co., supra.* See, also, *Kester* v. *Miller,* 119 N.C. 475 [26 S.E. 115, 116].) In this case it is alleged that respondent attempted to repair the imperfections in the carpet by removing and replacing portions and re-cementing other portions but without success. How long these activities continued does not appear from the amended complaint. The length of time is immaterial since the action was commenced within six years after the date of sale which was the minimum period of the warranty. If it were material

the point is not available on the general demurrer. It is an uncertainty that can be cured by an amendment to the pleading.

There was no defect in the quality of the workmanship in assembling the carpet, which is the only failure of the warranty of which appellant complains, that could have been determined by observation at the time of sale or installation. If respondent had warranted that the carpet was all wool, or that the warp consisted of a stated number of threads to the inch, or that the color would not be affected by the application of water, the truth of such statements could have been ascertained by inspection and test. If untrue the cause of action would have accrued when the carpet was made available for appellant's examination, either when it was delivered to its place of business or when it was installed. Since the warranty was not restricted to a fact ascertainable at the date of the contract but related also to a future event, to wit, that the carpet would last for the time warranted, only by the happening of such future event could the truth of the entire warranty be ascertained. Until then the cause of action did not accrue and the statute of limitations did not begin to run. (1 Williston on Sales, 2d ed., § 212a, p. 411.)

Since appellant does not allege that a failure to fulfill the warranty was in a particular that could have been made the subject of an action at the time the carpet was laid on the floor the statute of limitations is not available as a defense. If prior to the appearance of the imperfections appellant had commenced an action for damages based on defective workmanship in assembling the carpet, it is not to be presumed that respondent would have failed to present the defense that since no flaw had appeared there was no cause of action.

The cases relied on by respondent do not support its contention that appellant's cause of action for breach of the warranty arose at the time of the sale and that the statute of limitations began to run at that time. The inapplicability of the case of *Lattin* v. *Gillette*, 95 Cal. 317 [30 P. 545, 29 Am. St.Rep. 115], is manifest. No sale was involved. The action was for the recovery of damages suffered by reason of a defective certificate of title to real property issued by the defendants. A certificate of title is not merchandise; there was no warranty of the quality of anything—merely a warranty that the public records showed a clear title in the person named; furthermore the incorrectness of the statements in the certificate could have been discovered by an examination

of the public records at any time on and after the date of the certificate. The case of *Mary Pickford Co.* v. *Bayly Brothers, Inc.,* 12 Cal.2d 501 [86 P.2d 102], concerned the sale of securities without a permit from the Corporation Commissioner. The permit, if issued, would have been a matter of public record and inquiry at any time before, on, or after the date of sale would have disclosed the failure to procure it. Like the Lattin case there was not a warranty of quality, but only of the genuineness and validity of the securities, and the facts warranted were untrue.

The Lattin and Pickford cases are further distinguishable from the instant case in that the warranty in each case was that the facts stated were true at the time the warranty was made. There was no warranty in those cases of a future event or that any change would or would not occur, whereas in this case respondent warranted that the carpet would last at least four years longer than the two-year period of the statute of limitations, to which respondent contends appellant was restricted in commencing its action for breach of the warranty.

In the Pickford case (p. 521) the court quoted from 1 Williston on Sales (2d ed. § 212a, p. 411) as follows: "The typical warranty, being an undertaking regarding the *quality of goods* at the time of their sale must, if ever broken, be broken at that time; and the statute of limitations, therefore, begins to run immediately." (Emphasis added.)

A litigant cannot find shelter under a rule announced in a decision that is inapplicable to a different factual situation in his own case, nor may a decision of a court be rested on quotations from previous opinions that are not pertinent by reason of dissimilarity of facts in the cited cases and those in the case under consideration. ▮ An extract from an opinion must be read in the light of the subject there under discussion and with reference to the facts in that case, and rules applicable to the decision in which they appear cannot be repeated in exemplification of a theory different from that to which they were applied in the case wherein the opinion was rendered. Principles that may serve to illustrate a point are considered by the court in relation to the case decided but are not necessarily announced as universally applicable. So it is with quotations from text books. For the purpose of illustrating a point the writer may state a principle that is sound and sustained by the authorities but it may have no

bearing upon the concrete facts involved when at attempt is made to apply it to a specific case.

The quotation in the Pickford case from Williston on Sales refers to a warranty of the quality of *goods* and it is apt in that case only by reason of the facts (a) that the warranty was of a fact stated to be true at the time of the sale which was not true, and (b) that the truth of the matter there warranted could have been readily ascertained from the public records on the day the warranty was made. The quotation is inapt in the instant case because (a) the warranty was that the good condition of the carpet as to the manner of assembling and installation would continue over a period of years, a future contingency, and (b) the truth of the warranty could not be determined at the time it was made but was ascertainable only through a subsequent occurrence.

The quotation bears no relevancy to the question involved in the case at bar, since (a) the breach complained of by appellant was the inadequate sewing and binding of the carpet, not that the quality of the carpet was poor; and (b) the warranty here breached was not concerning a matter that could have been determined by an immediate examination of the seams and binding of the carpet but was in respect to a condition that would continue into the future, the verity of the warranty not being ascertainable at the time it was made and possibly not until the expiration of the period covered by it.

The rule governing the instant case is stated by Mr. Williston immediately following the above quotation, and in the same section, where he says concerning a warranty of a future event: "On the other hand, if the seller promises that something shall happen or shall not happen to the goods within a specified future time, the promise though it may be called a warranty cannot be broken until that time has elapsed and until then the statute will not begin to run. As shown in the preceding section what is in terms a promise for the future may also involve a representation as to the present. This should not deprive the buyer, however, of the full statutory period after the promise is actually broken in the future." This statement of the law clearly exhibits the important feature distinguishing a warranty of present quality (the structure of the body of the carpet) from a warranty of a future event (that the seams would not open nor the edges ravel), and reveals the proper effect to be given to a warranty that includes both present and future events.

Respondent says that the warranty was only of a present nature, notwithstanding the allegation of facts to the effect that it was prospective. Moreover, even if the warranty were concerning the present quality or condition of the carpet, referring to the time of sale, it was in its terms a promise also for the future. By reason of a combination warranty of both present and future events the buyer, says Mr. Williston, is allowed the full statutory period "after the promise is actually broken *in the future*" in which to commence his action on the warranty.

There is no lack of harmony between the decisions of the Supreme Court of California and those of other jurisdictions. The distinction between the two groups of cases is that the California cases, as we have pointed out, relate to warranties of the genuineness and validity of matters stated to have been actualities when the warranties were made and therefore are not applicable to the facts in the instant case and do not guide our decision, while the decisions of other courts that we have cited pertain to situations parallel with the circumstances here under consideration in which not present but future events must determine the truth of the warranty. Until the warranty is broken the cause of action does not arise, and until the cause arises there is no occasion to consider what proof is necessary to establish appellant's right of recovery.

In support of its demurrer and of the judgment respondent cites *Brackett* v. *Martens,* 4 Cal.App. 249, 256 [87 P. 410], in which it is held that the statute of limitations on a parol warranty in reference to the variety of fruit trees began to run from the date of sale of the trees and not from the discovery that they were not of the kind warranted. This decision has been overruled by later cases holding that the statute does not commence to run until it can be ascertained whether the trees comply with the warranty. (*Sweet* v. *Watson's Nursery,* 23 Cal.App.2d 379, 381 [73 P.2d 284] ; *Ackerman* v. *A. Levy & J. Zentner Co.,* 7 Cal.App.2d 23, 26 [45 P.2d 386] ; *Firth* v. *Richter,* 49 Cal.App. 545, 549 [196 P. 277].) Neither the briefs nor independent research have disclosed any authority supporting respondent's contention that the action is barred by the statute of limitations.

To sustain respondent's theory would be to hold that the action was barred before the falsity of the warranty could be ascertained.

2. *Respondent's liability on the warranty.* ■ The warranty induced appellant to purchase carpet fabricated by respondent, thus contributing to the latter's immediate benefit and profit. It was a valid contract based on a good and sufficient consideration. (*Woods Lumber Co.* v. *Moore*, 183 Cal. 497, 504 [191 P. 905, 11 A.L.R. 549].) ■ A contract is supported by an adequate consideration if there is some benefit to the promisor or detriment to the promisee. (*Booth* v. *Bond*, 56 Cal.App.2d 153, 157 [132 P.2d 520]; *Brownfield* v. *McFadden*, 21 Cal.App.2d 208, 214 [68 P.2d 993].)
■ Respondent relies on sections 1731, 1732 and 1735 of the Civil Code relating to warranties by a seller to a buyer. There is no implication in those sections that an express warranty by a manufacturer of merchandise to a user on condition that he purchase the manufacturer's goods from an intermediate party is not valid. Cases such as *Binion* v. *Sasaki*, 5 Cal. App.2d 15 [41 P.2d 585], to the effect that an implied warranty of the fitness of food goes only to the purchaser and not to a third party who may chance to eat the food, are obviously not relevant to this case.

What facts the evidence will bring forth we do not know. We are concerned only with the allegations in the amended complaint that respondent made an express agreement with appellant. Respondent is presumed to have known the character of appellant's place of business and the approximate amount of traffic that would pass over the carpet during the term of the warranty. It was necessary for it to have had that knowledge in order to prepare the carpet for installation. Respondent acknowledged the warranty and its responsibility thereunder by its attempts to repair the defects of which appellant now complains.

There is nothing in the pleading from which it may be inferred that the agreement that the carpet would last for a period of six to eight years was merely an expression of opinion or what is sometimes referred to as "sales talk" or "puffing." The amended complaint alleges a warranty of a fact, not a statement of opinion.

■ Respondent's agreement was not to answer for the debt or obligation of another and therefor was not required to be in writing. There is no allegation that any person other than respondent became obligated to appellant in connection with the sale. Moreover, a promise to answer for the obligation of another is deemed to be an original obligation of the

promisor and need not be in writing where the promise is upon the consideration of the performance of services by the promisee or the employment of a person at the suggestion of the promisor to render assistance to the promisee. (Civ. Code, § 2794(4); *Meyers v. McKillop,* 37 Cal.App. 144, 145 [173 P. 773]; *Simons Brick Co. v. Wiglesworth,* 184 Cal. 390, 393 [193 P. 947, 19 A.L.R. 1029].)

█ 3. *Allegations of the amount of damages suffered by appellant.* It is alleged that appellant paid $5,181.65 for the carpet; that in spite of respondent's attempt to replace and repair the carpet it became frayed and ragged, "constituted a hazard to plaintiff's customers on the premises," "is unfit for the use of the plaintiff," "is of no value or service to the plaintiff," and as a result thereof plaintiff has been damaged in the sum of $5,181.65. The allegation that the carpet, in its ragged condition, constituted a hazard to plaintiff's customers, was unfit for use, and was of no value, is sufficient as an allegation of the damages alleged to have been suffered by appellant.

Since appellant is entitled to amend its pleading it may supply all of the uncertainties complained of by respondent and it is not necessary for us to take note of them.

Judgment reversed with directions to the trial court to allow appellant to amend its pleading further if it so desires.

Moore, P. J., concurred.

McCOMB, J.—I dissent. It will be assumed for the purposes of this opinion, without deciding, that the complaint as amended alleged an oral agreement by defendant warranting that if plaintiff purchased certain carpeting from Jack Freeman, its quality, the manner in which it would be assembled and installed would cause it to last for a period of from six to eight years following its installation; that such agreement was made in May, 1943; that in September, 1943, the carpeting, pursuant to such agreement, was installed in plaintiff's place of business; and that since January, 1944, the carpeting has been unfit for use by plaintiff.

The present action was commenced December 13, 1945. Defendant filed a demurrer on the ground, among others, that the purported cause of action was barred by the statute of limitations. (Code Civ. Proc., § 339, subd. 1.) This demurrer was sustained without leave to amend.

This is the only question necessary to be determined:

*Did the statute of limitations commence to run at the time of the sale of the carpeting or at the time plaintiff discovered that the carpeting was defective?*

It is the general rule in this state that a cause of action for breach of a warranty of the quality of merchandise arises at the time of the sale, and the statute of limitations commences to run at that time. (*Mary Pickford Co.* v. *Bayly Bros., Inc.* (1939), 12 Cal.2d 501, 521 [86 P.2d 102]; *Lattin* v. *Gillette* (1892), 95 Cal. 317, 319 [30 P. 545, 29 Am.St.Rep. 115].) Our Supreme Court in *Mary Pickford Co.* v. *Bayly Bros., Inc.,* *supra,* page 521, thus states the rule: "The allegations of the first and fourth cause of action in the present case present facts showing a sale of securities upon an implied warranty which was untrue. That warranty was broken at the time of the sale and the statute of limitations commenced to run at that time. 'The typical warranty, being an undertaking regarding the quality of goods at the time of their sale must, if ever broken, be broken at that time; and the statute of limitations, therefore, begins to run immediately.' (Williston on Sales, 2d ed., vol. 1 sec. 212a, p. 411.) (See note, 75 A.L.R. 1086.) The causes of action for breach of warranty were, therefore, barred long prior to the commencement of the action."

Applying the foregoing rule to the facts of the present case, since the agreement was not in writing, plaintiff had two years after its cause of action arose within which to file suit for breach of the alleged warranty. (Code Civ. Proc., § 339, subd. 1.) It is alleged that the carpeting was delivered in September, 1943, and the complaint was not filed in the instant case until December 13, 1945. Thus more than two years had elapsed from the time plaintiff's cause of action arose before the present suit was commenced, therefore the alleged cause of action was barred by the statute of limitations.

*Sweet* v. *Watson's Nursery* (1937), 23 Cal.App.2d 379 [73 P.2d 284]; *Ackerman* v. *A. Levy & J. Zentner Co.* (1935), 7 Cal.App.2d 23 [45 P.2d 386]; and *Firth* v. *Richter* (1920), 49 Cal.App. 545 [196 P. 277]* are exceptions to the general rule above stated and hold that in the case of a warranty with respect to seeds, fruit trees and nursery stock, a cause of action for breach of warranty as to their productivity does not arise until the seeds, fruit trees or nursery stock fail to comply

with the terms of the warranty. Clearly, the instant case does not fall within this exception but within the general rule above stated.

In my view the majority opinion fails to recognize that there is a distinction between the time that a cause of action arises and the proof necessary to establish such cause of action. Decisions from other states cited in the majority opinion are, of course, inapplicable in view of the contrary decisions of our Supreme Court. I am therefore of the opinion that the judgment should be affirmed.

Respondent's petition for a hearing by the Supreme Court was denied May 22, 1947. Edmonds, J., and Spence, J., voted for a hearing.