[Civ. No. 6272. First Appellate District, Division One.—March 9, 1928.]

J. S. WAYBRIGHT, Respondent, v. OTTO MEEK et al., Appellants.

14

[redacted]

James S. Bennett and Howard L. Grace for Appellant.

Emmet H. Wilson and J. Edward Keating for Respondent.

TYLER, P. J.—Action to recover a broker's commission of $5,000 for securing a loan of $50,000. The complaint is in three counts. The first cause of action alleges an agreement to pay plaintiff and Elmer E. Cole $5,000 to negotiate the loan. The second alleges that plaintiff performed services as broker for defendants to the reasonable value of $5,000. The third, that. plaintiff performed services as broker for defendants and that they agreed to pay for said services the sum of $5,000. Prior to the filing of the action, Cole assigned his interest in the claim to plaintiff. Issues were joined on an answer which denied all of the allegations of the complaint and on a counterclaim of $103. Trial was had without a jury. The trial court found that about April 25, 1922, defendant Meek entered into an agreement with plaintiff and his associate Cole, whereby they were employed to negotiate a loan of $50,000 and that Meek agreed to pay the sum of $5,000 for their services. The court further found that about said day defendant Meek signed a written memorandum of agreement wherein he agreed to pay

plaintiff and his associate the said sum for services performed by them for him on and prior to April 25, 1922, in procuring the loan. Judgment was accordingly rendered against Meek on all the allegations of the complaint and defendant Utah-Nevada Land & Livestock Company was relieved from liability. Motion for a new trial was made and denied. A motion to vacate the judgment was also made, on the ground that the commission allowed plaintiff for securing the loan, for a shorter period than six months, it being one not secured by mortgage or pledge upon real property, was illegal and void under the state Usury Law (Stats. 1919, p. lxxxiii). This motion was likewise denied. Appellant here claims that the evidence is insufficient to support the judgment. He also claims that plaintiff's contract is void under the Usury Law. There is no merit in either contention. The contract upon which the action is based reads as follows:

"Mr. Elmer E. Cole
   and
"Mr. J. S. Waybright,

"Referring to the transaction which I have agreed to make with the Gen'l Mortgage Co., and the Engineering Corporation, or their clients or assigns, by which they are to loan me $50,000 in cash now, and if they are satisfied, after investigation of my securities or bonds they are to take over or to purchase my 500,000 bonds, said bonds secured on the Ranch known as the Utah Nevada Land and Live Stock Co.'s Ranch, located in White Pine County, Nevada and Millard County, Utah, at a price of 85c on the dollar, payable $65,000 in deming New Mexico lands and lots as per schedule and prices shown to me by you and the balance in cash at stated intervals.

"Now, as payment for your services in bringing about the introduction to the said people and for your aid in bringing about such sale, I hereby agree to pay you the sum of $5,000 in cash, the same to be paid to you at the time I receive the $50,000 loan above described, which shall be your full compensation providing the investigation of my securities is unsatisfactory and the deal goes no further. But in the event such investigation is satisfactory and the bonds are purchased by the parties named above, or through said parties, then in that event I agree to deed to you as your fur-

ther compensation $15,000 of the Seming property I get according to above described agreement the same to be given to you at the time the property is deeded to me and at the prices at which I take it, free and clear of encumbrances. Property to be selected by Otto Meek at a price to be an average of even value to the whole property.

"Dated this 25th day of April, 1922.

"OTTO MEEK.

"Sept. 6th, 1922."

In support of the claim of insufficiency of the evidence, it is appellants' contention that it shows that respondent never complied with the terms of the contract. In this connection it is argued that as the contract provided that appellant should receive the $50,000 at one time, in one sum immediately after the signing of the written contract, he was not bound thereby to pay a commission to plaintiff, as the evidence shows that the sum was received in installments. The objection is frivolous. As the contract indicates and the evidence and findings show, the loan had been negotiated and the transaction had been agreed upon by defendant before the signing of the contract. The document signed by Meek was merely to confirm in writing an oral agreement previously made by Meek with plaintiff and his associate. The document itself so indicates as it recites "the transaction which I have agreed to make . . . by which they are to loan me $50,000, etc." And further on, in providing for payment for the services, it is provided "now, as payment for your services in bringing about the introduction to the said people . . . I hereby agree to pay you the sum of $5,000 in cash, the same to be paid to you at the time I receive the $50,000 loan" etc. The use of the word "now" merely refers to the concluded agreement with reference to the loan as distinguished from the sale of the bonds referred to in the contract which might or might not be sold and for the accomplishment of which sale respondent was to receive the further commission therein provided for. Respondent procured the loan to be made, and the fact that it was not paid in a lump sum was of no consequence, the contract not requiring it. Having received and accepted the full amount, defendant was bound by his agreement to pay the stipulated commission. The court found that plaintiff and his associate in all respects fulfilled the terms of the

contract on their part to be performed, and no other finding could be made under the evidence. ▮ The further claim is made that as the contract covered two subjects, first, an agreement on the part of appellant to pay $5,000 for the procurement of the loan, and second, the payment of further and additional compensation if bonds amounting to $500,000 should be sold, that no recovery could be had until both conditions were performed. This contention is equally without merit. The contract was not an entire but a severable one. It provided for two separate and severable items of service, viz., (1) the negotiation of a loan for which appellant agreed to pay $5,000, and (2) the sale of bonds belonging to appellant. Each covenant was separate and distinct, and the contract plainly so indicates. In express terms it provides that payment of the sum for services in procuring the loan shall be paid ''at the time I receive the $50,000 loan.'' No reference to the sale of any bonds is here mentioned nor is the promise in any other manner limited or qualified except that it was provided that said payment ''shall be your full compensation, provided the sale of my securities is unsatisfactory and the deal goes no further,'' which clearly shows that the services to be performed were of a separate and distinct character. Language could not be more plain. ▮ Whether a contract is entire or separable depends upon its language and subject matter, and this question is one of construction to be determined by the court according to the intention of the parties. Where several things are to be done under a contract, if the money consideration is apportioned to each of the items to be performed, the covenants are ordinarily regarded as severable and independent. (*Pacific Wharf etc. Co.* v. *Standard American Dredging Co.,* 184 Cal. 21 [192 Pac. 847].) Here the consideration is apportioned to each of the items of services. Neither item is a part of the other nor are they in any manner dependent upon each other. The first one was fully performed by respondent and his assignor and they are entitled to the compensation which the agreement provided for. ▮ And finally as to the claim that the contract is a violation of the Usury Law, for the reason that the commission agreed upon between the parties is greater than the amount allowed thereunder. This question has been determined contrary to appellant's contention

in the late case of *Wallace* v. *Zinman,* 200 Cal. 585 [254 Pac. 946], wherein it is held that the portion of the Usury Law attempting to regulate the amount of commission that may be charged by a broker is unconstitutional and void.

The judgment is affirmed.

Knight, J., and Parker, J., *pro tem.,* concurred.