[Civ. No. 2024. Fourth Appellate District.—November 6, 1937.]

BRYAN A. SWEET, Appellant, v. WATSON'S NURSERY (a Copartnership) et al., Defendants; JESSIE LEE WATSON et al., Respondents.

380

Fred Kunzel and Renwick Thompson for Appellant.

Sloane & Steiner for Respondents.

BARNARD, P. J.—This is an action for damages for breach of warranty in the sale of orange trees. The trial court ordered a nonsuit on the ground that the action was barred by subsection 1 of section 339 of the Code of Civil Procedure, and from the judgment which followed this appeal was taken.

In March, 1931, the respondents sold to the appellant 1122 orange trees, warranted to be Valencias, at 90¢ per tree, the contract being oral. The appellant testified and the respondents agreed that it is impossible to tell a Navel orange tree from a Valencia orange tree until fruit thereon reaches a certain development which occurs in the month of October of the year when the tree first bears fruit. These trees were

set out in the spring of 1931 and forty of them bore some fruit in 1932, which in October of that year turned out to be Navel oranges, no other trees having then borne any fruit. On October 26, 1932, the appellant wrote to the respondents informing them that a great number of the trees had borne Navel oranges, that he believed that a large number of them would prove to be Navel orange trees, and that he intended to ask for a settlement in the matter. In October, 1933, an additional 660 trees bore Navel oranges, at which time only 125 of the trees were bearing Valencia oranges. In October, 1934, another 131 trees were bearing Navel oranges and only 127 of the trees were bearing Valencia oranges. A few of the trees were dead and the rest had borne no fruit. This action was begun on January 31, 1935, more than two years after the discovery that forty of the trees were not as warranted but within two years after the discovery that some 800 others did not comply with the warranty.

The appellant contends that the contract for the sale of the trees was severable and that the statute of limitations would not start running as to each tree or group of trees until the breach of warranty was discovered as they first produced fruit. The respondents argue that a breach of the contract occurred in October, 1932, when it was discovered that some of the trees were not as represented, that the appellant then knew that the warranty had been breached, and that the statute then began to run as to the entire contract.

It is well settled that the statute of limitations against an action for breach of warranty in the sale of fruit trees does not commence to run until the true facts appear, when the trees first bear fruit. (*Firth* v. *Richter,* 49 Cal. App. 545 [196 Pac. 277]; *Shearer* v. *Park Nursery Co.,* 103 Cal. 415 [37 Pac. (2d) 412, 42 Am. St. Rep. 125].) This is based upon the ground that in such a case the warranty is not limited to the present fact that the trees are as represented but that there is a further warranty that the trees will bear the corresponding kind of fruit and that since the warranty relates to a future event by which its truth must be ascertained the warranty is not broken until the happening of such future event. In *Ackerman* v. *A. Levy & J. Zentner Co.,* 7 Cal. App. (2d) 23 [45 Pac. (2d) 386], it is said: "Warranties as to nursery stock and planting seed, are either present, and broken as soon as made, if at all, or prospective

relating to the happening of a future event and not broken until the happening of that event. The courts of this state hold such warranties to be prospective.''

Since the breach of warranty in such a case occurs when the trees first bear fruit, thus disclosing the facts, there are, as a matter of fact, successive breaches where part of the trees bear fruit in one year and others do not bear fruit until succeeding years. It is respondents' contention, however, that the first breach which occurs not only puts the buyer on his guard but constitutes a breach of the entire contract, which starts the running of the statute as to all parts thereof. Undoubtedly this result obtains in many cases where the contract must be treated as an entirety and where notice of the first breach must be taken as notice that the entire contract has been breached. In other cases where the contract covers different things which may be separately treated a different rule often prevails.

The solution of the question before us depends upon whether there here appears a breach of an entire contract, with the duty to act on the first discovery of the breach, or separate breaches of a severable contract. ''Whether a contract is severable or entire is a question of interpretation, depending upon the intent of the parties.'' (*Lewis* v. *Shell Oil Co.,* 220 Cal. 80 [29 Pac. (2d) 413].) ''The divisibility of the contract does not alone depend upon the multiplicity or the separability of the items therein, but upon the intention of the parties and the object of the contract.'' (*Stern* v. *Sunset Road Oil Co.,* 47 Cal. App. 334 [190 Pac. 651].) ''Where several things are to be done under a contract, if the money consideration is apportioned to each of the items to be performed, the covenants are ordinarily regarded as severable and independent.'' (*Waybright* v. *Meek,* 90 Cal. App. 13 [265 Pac. 370].) A contract will generally be held to be severable when the price is expressly apportioned by the contract. (*More* v. *Bonnet,* 40 Cal. 251 [6 Am. Rep. 621]; *Los Angeles Gas & Elec. Co.* v. *Amalgamated Oil Co.,* 156 Cal. 776 [106 Pac. 55].)

In the instant case the price was apportioned to the items of the contract, the trees being purchased at 90¢ each. Looking to the intention of the parties and the object of the contract, it fully appears that each tree was warranted to be of a certain kind. From common experience it must be taken

that they did not intend or expect that all of the trees would first produce fruit in the same year. It was, however, warranted that each tree would produce that kind of fruit, if and when it came into bearing. There would be no breach of the warranty until fruit was produced. The first breach that occurred gave, and could give, no indication as to the situation with respect to the other trees. There were separate breaches in successive years but the later ones related not to those trees concerning which the truth had earlier appeared but to other trees which had also been warranted, or to another and distinct part of the contract. In our opinion, this contract was severable and the various breaches were separate, each affecting the trees about which the fact became apparent in a particular year. It follows that the first breach did not start the running of the statute, except with respect to the 40 trees involved therein, and that a nonsuit should not have been granted.

The judgment is reversed.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 6, 1937, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 3, 1938.