[Civ. No. 5384. Fourth Dist. Apr. 8, 1957.]

B. BLONDER, Respondent, v. PHILLIP J. GENTILE, Appellant.

Jerome Weber and David Hoffman for Appellant.

Siemon & Siemon for Respondent.

MUSSELL, J.—This is an action to recover the sum of $10,000 due to plaintiff from defendant under the provisions of an agreement in writing, executed by the parties and one J. J. Satin on November 29, 1954. The action was tried by the court without a jury and defendant appeals from the judgment entered for the plaintiff.

The agreement was to form a mining partnership to develop some 63 claims in the Jawbone Mining District in Kern County, and provided, in part, as follows:

"3. Phillip J. Gentile hereby agrees to pay to B. Blonder, upon execution of this agreement, the sum of $10,000, payable by sixty-day secured note in consideration of the services heretofore rendered.

"4. Phillip J. Gentile agrees to advance all money necessary to survey said claims and to perform the necessary location work within the time prescribed by law.

"5. All moneys advanced by the said Gentile shall be repaid to him out of the first moneys received from the sale of the

properties, or any portion thereof, or, in case said properties are mined, one-half of the net profits shall be paid to said Gentile until all moneys advanced by him have been repaid. . . .

"Signatures.

"Addendum: This agreement is to be replaced by a Nevada corporation interest reflected by stock."

The agreement, as previously prepared, provided for the payment of the $10,000 to plaintiff in cash and the clause "payable by sixty-day secured note" in paragraph 3 of the agreement, was interlined at the request of plaintiff. He had previously staked the claims involved and his work in this connection was shown by the evidence to constitute the "services heretofore rendered," referred to in said paragraph of the agreement.

Plaintiff testified that after he had located and staked out the claims, Mr. Gentile, Mr. Satin and a Mr. Linde made out the location papers in Los Angeles in all their names, stating that it would be easier that way than to file them in plaintiff's name and then obtain a quitclaim deed from him to the partnership; that he signed the papers with the understanding that he would get his $10,000 before they were recorded; that after the partnership agreement was signed and the parties were discussing it, the interlineation "payable by sixty-day secured note" was interlined in the agreement; that he, at that time, asked Gentile about the $10,000 payment and Gentile replied that he "was a little pressed" and would like a little time; that the parties wanted to form a corporation after the partnership transaction was over and they all agreed that "we would take and form a corporation after this was all settled and the $10,000 was paid to me. Well, that was put in here down at the bottom and then we would get stock for our interests in these claims. These claims would go in and then we would form a corporation, which I agreed to. Well, none of that ever took place"; that at the time he signed the typewritten agreement, as interlined, he asked Gentile for the note which he, Gentile, had agreed to execute, and Gentile said that he would "do it"; that on December 13, 1954, while at the Biltmore Hotel in Los Angeles, Gentile told him that he owed him $10,000 but that he was not going to pay it.

Defendant Phillip Gentile testified that he caused a corporation to be formed in Nevada; that after it was formed, plaintiff was supposed to go to Las Vegas to sign the corporate papers and receive stock and the note; that they had a conversation at the Biltmore Hotel in Los Angeles in which

Blonder asked him for a personal note and that he told Blonder that it was not necessary as the corporation was already formed; that he went to Las Vegas and on or about December 15, 1954, the corporation executed its promissory note, payable to plaintiff for the sum of $10,000, and the note was mailed to plaintiff's attorney. Plaintiff and his counsel refused to accept this corporate note in place of the personal note which Gentile had agreed to execute, and this action followed.

Appellant's first argument is that plaintiff's complaint does not state a cause of action for moneys due under a contract since it does not allege performance of plaintiff's part of the agreement or excuse for nonperformance. This argument is without merit. It is alleged in the complaint that defendant Gentile agreed to pay plaintiff the sum of $10,000 upon the execution of the partnership agreement "in consideration of the services heretofore rendered." The evidence shows that plaintiff located the claims, marked them out on the ground and turned them over to Gentile and Satin and that the locations were then completed in the names of all three parties. Appellant and Satin had accepted performance on behalf of the partnership before the agreement in its final form had been completed. These past services and performance by plaintiff were established by plaintiff's testimony in his deposition, which was read into evidence without objection, and by failing to object thereto, defendant waived the objection to its admission into evidence. In *Estate of Brown,* 54 Cal.App.2d 575, 584 [129 P.2d 713, 130 P.2d 188], the court said: "The settled rule is that when a party refuses to stand upon his demurrer, but goes to trial where the alleged deficiencies of the petition are cured by the proof, he will not be permitted to attack the pleading, unless he has been deceived, or prejudiced thereby." No demurrer was filed herein and the action was tried on the theory that the obligation to make the payment and the obligation to transfer the mining claims were divisible obligations. The former was for the individual benefit of the plaintiff and the latter was for the benefit of the partnership, of which plaintiff was a member. The contract was made by three parties, appellant, plaintiff and Satin. Satin was under no obligation to pay plaintiff the $10,000 in question nor was the partnership liable therefor. In *Sweet* v. *Watson's Nursery,* 23 Cal.App.2d 379, 382 [73 P.2d 284], it is said: " 'Where several things are to be done under a contract, if the money consideration is appor-

tioned to each of the items to be performed, the covenants are ordinarily regarded as severable and independent.' . . . A contract will generally be held to be severable when the price is expressly apportioned by the contract."

■ In 12 California Jurisprudence 2d, Contracts, section 150, it is said:

"Generally speaking, the test of whether a contract is divisible is that if the consideration is single, the contract is entire, but if the consideration is apportioned, or if apportionment is implied by law, the contract may be regarded as severable."

Appellant argues that there was no proof of performance by plaintiff or that he transferred the mining claims involved to the partnership. However, the evidence shows that plaintiff located and staked the claims on the ground and signed the location papers. These papers were recorded in the names of the three parties.

Appellant next argues that a past consideration is not sufficient to support a contract and therefore is inadequate to support the promise to pay the $10,000 involved. ■ The general rule is that a past consideration is not sufficient to support a contract. However, in the instant case the recital of the consideration in the agreement is not conclusive and evidence of the true consideration was properly admitted. (12 Cal.Jur.2d, Contracts, § 42.) ■ Furthermore, there is a statutory presumption that a written contract is supported by a good and sufficient consideration. (12 Cal.Jur. 2d, Contracts, § 43.) This presumption is disputable, but the burden of showing want of consideration lies with the parties seeking to invalidate or avoid the instrument. The presumption is itself evidence and the introduction of evidence showing want of consideration raises an issue of fact and it is for the trier of fact to determine whether evidence offered to overcome the presumption is sufficient. (12 Cal.Jur.2d, Contracts, § 44.) ■ There is substantial evidence in the instant case to show a consideration for the contract. Plaintiff found the claims, staked them preparatory to formally locating them as mining claims, and agreed to permit the claims to be located formally by himself, jointly with defendant Gentile and Satin. He agreed to enter into a partnership with them for the development and exploitation of the property. He thus surrendered his right to locate the property for his sole benefit. The actual consideration for the obligation to pay the $10,000 was plaintiff's relinquishment of his right to locate the claims for his

sole benefit, his furnishing of information enabling the parties to locate the ground, together with the benefit of his previous services in the preliminary staking of the ground and his agreement to form a partnership with Gentile and Satin.

The validity of the consideration does not depend upon its value, the law does not ordinarily weigh its quantum. A consideration is sufficient to support a contract if it is either beneficial to the promisor or detrimental to the promisee and the surrendering or foregoing of a legal right constitutes a sufficient consideration for a contract if the minds of the parties meet on the relinquishment of the right as a consideration. (12 Cal.Jur.2d, Contracts, pp. 224-227.)

The next argument is that the partnership agreement is too uncertain and ambiguous to be enforced. This argument is without merit. The agreement clearly provides for the payment by Gentile to plaintiff of the sum of $10,000 upon execution of the agreement. The agreement was executed and Gentile then owed the money to plaintiff and this agreement is severable from the other provisions of the partnership agreement.

It is further contended by appellant that plaintiff wholly failed to prove that he suffered any damage in the amount of $10,000 or in any other sum. This argument is refuted by the provisions of section 3302 of the Civil Code which provides that the detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation. In this case, the amount due was $10,000.

Finally, it is argued that several findings by the trial court are prejudicial to appellant and are unsupported by the evidence and inconsistent with the pleadings. This argument is likewise without merit. The court found that the allegations of the complaint were true; that defendant Gentile agreed to pay plaintiff the sum of $10,000 upon the execution of the partnership agreement; that defendant Gentile failed and refused to pay the same or to execute a note therefor and specifically found against allegations of the defenses set forth in the answer. The court further found there was considereration for the promise of the defendant to pay the sum of $10,000 to plaintiff. We conclude that the findings are sufficiently supported by the evidence.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

# MEMORANDUM CASE