480 P.2d 113 (1970)
HOUSTON FEARLESS CORPORATION, a Corporation, Plaintiff in Error,
v.
Carl E. PEHLMAN and Colorfilm Productions, Inc., a Corporation, Defendants in Error.
No. 70-512. (Supreme Court No. 23762.)
Colorado Court of Appeals, Div. I.
December 29, 1970.
*114 Daniel B. Mohler, Foard, Foutch & Hunt, Colorado Springs, for plaintiff in error.
Robert B. Murray, Colorado Springs, attorney for defendant in error Carl E. Pehlman.
Not Selected for Official Publication.
PIERCE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties appear here in the order of their appearances below, and will be hereinafter referred to by their lower court designations, or by name. On appeal is the trial court's dismissal of plaintiff's complaint with prejudice, after all the evidence, in an action for the balances allegedly due under two contracts for the purchase of certain film processing equipment.
The facts are as follows:
Colorfilm Productions, Inc., was incorporated in 1960 for the sole purpose of commercially processing Kodak Kodachrome film. In connection with this business, it contracted with plaintiff, in January of 1961, to lease-purchase one of the latter's film processors, with related equipment. Concurrent with execution of the purchase contract, defendant Pehlman, an officer and a stockholder of Colorfilm, gave plaintiff his written guaranty of Colorfilm's performance under the purchase contract.
After ten months of fruitless attempts by Colorfilm to get the above-mentioned processor to operate properly (i. e., without physically destroying or damaging film, or without developing it with poor color or with permanent chemical stains), and after the threat of a lawsuit, plaintiff and Colorfilm executed a "Settlement Agreement," dated December 1, 1961, under which plaintiff agreed to pay Colorfilm $11,000, and to cancel a debt of $3,744, because of the latter's difficulty with the processor, and further agreed to sell Colorfilm a second processor, with related equipment, for $16,025.83, in "as is, where is" condition. Colorfilm executed a chattel mortgage on the second processor, and Pehlman again gave his written guaranty of Colorfilm's performance on the purchase contract and chattel mortgage therefor.
Although the "Settlement Agreement" makes no mention of the disposition of the original processor intended by the parties, testimony in the transcript clearly shows that Colorfilm retained possession of it, and continued to try, unsuccessfully, to make it commercially operational. Evidence also indicates that Colorfilm purchased the second processor for the purpose of modifying it to process a new type of Kodachrome film being marketed, and not as a replacement for the first processor.
Whatever the purpose behind the purchase of the second processor, Colorfilm had no better success with it than with the first, as a result of which it ceased making *115 payments thereon, whereupon plaintiff repossessed the first processor and sold it at auction for $1,000. Thereafter, plaintiff sued for the balance allegedly due on the purchase contract for the first processor, and for the balance due on the note on the second processor. Since Colorfilm had gone defunct, service of process was obtained on Pehlman, only, who was sued under his written guaranties of Colorfilm's performance under the two purchase agreements.
Pehlman defended the action on grounds (1) that the above-mentioned "Settlement Agreement" had adjusted the rights of the parties under the purchase contract for the first processor, and had terminated all remaining obligations; and (2) that there had been a failure of consideration for the purchase of both processors, which released Colorfilm, and consequently Pehlman as guarantor, from liability under either purchase agreement. Pehlman also counterclaimed in his own, and Colorfilm's, behalf for lost profits of $77,000.
At the conclusion of all evidence, the court found for defendants, dismissing plaintiff's complaint with regard to both processors, with prejudice, and awarding Pehlman his costs. The court's order makes no disposition of Pehlman's counterclaim. Plaintiff, only, appeals.

THE FIRST PROCESSOR
Plaintiff first argues that the "Settlement Agreement" was intended to adjust the differences between the parties over the first processor's failure to work, until the date of the "Settlement Agreement," only, and not to release either defendant from continued future performance under that agreement.
While a careful reading of the "Settlement Agreement" itself reveals nothing which either supports or opposes plaintiff's interpretation of the intentions of that agreement, conflicting testimony in the transcript lends itself to either interpretation. The court, however, as finder of fact resolved the evidence against plaintiff, and concluded that the "Settlement Agreement" was intended by the parties to resolve all rights of the parties under the contract to purchase the first processor. This conclusion is supported by evidence in the record and is therefore binding upon us. Whatley v. Wood, 157 Colo. 552, 404 P.2d 537. Further, this conclusion justifies the court's dismissal of plaintiff's complaint with regard to that processor, and renders unnecessary any discussion of plaintiff's attack on the court's conclusion that consideration for the purchase of that processor failed.

THE SECOND PROCESSOR
Plaintiff's second assignment of error (which, in light of our disposition on the first processor, is now applicable only to the purchase contract for the second processor) is that the trial court erred in finding a failure of consideration and thus releasing Colorfilm, and consequently Pehlman as its guarantor, from their respective obligations under the contract to purchase the second processor.
It is presumed that there is consideration for a written contract (Grand Valley Irrigation Co. v. Lesher, 28 Colo. 273, 65 P. 44), which presumption may, of course, be overcome by evidence to the contrary, Dunlap v. Fort Mohave Farms, Inc., 89 Ariz. 387, 363 P.2d 194; and, when such rebuttal evidence is introduced, the issue of failure of consideration then must be resolved by the trier of fact, upon the preponderance of the evidence. Blonder v. Gentile, 149 Cal.App.2d 869, 309 P.2d 147; Dunlap, supra. Although no such presumption arises in contracts of guarantee, the rule as to the requirement of proof of consideration applies to this type of contract. Cripple Creek State Bank v. Rollestone, 70 Colo. 434, 202 P. 115.
In the instant case, we have not only a presumption of consideration, but also defendants' admission that the consideration for its promise to pay $16,025.83namely, delivery of the second processorwas given. Colorfilm then attempted to *116 use the processor for some 17 months prior to its corporate demise.
While there is abundant unrebutted evidence that the processor was virtually useless so far as the purpose for which it was intended, that evidence speaks only to the issue of breach of warranty, expressed or implied, of fitness for purpose, which defense was not pled, and not to the issue of total or partial failure of consideration; and the court erred in considering it as evidence of such.
The instant case is very similar to Necho Coal Co. v. Denise Coal Co., 387 Pa. 567, 128 A.2d 771, which involved the unfitness of certain purchased machinery parts being asserted as "failure of consideration," wherein the Pennsylvania Supreme Court stated:
"By its pleadings, defendant raises the defense of failure of consideration. Failure of consideration occurs where the consideration bargained for does not pass, either in whole or in part, to the promisor. This is not the instant case. The pleadings admit receipt of the parts and aver only that they `were obsolete, useless and otherwise unfit to be used.' The notes were given in payment of the balance due for the parts admittedly delivered some five months previously.
"Obviously defendant must rely on a breach of vendor's warranty as to quality or fitness, rather than a failure of consideration, as a defense to the action. * * *"
We hold, therefore, that the court erred in finding a failure of consideration for Colorfilm's performance under the purchase contract for the second processor, in the face of unrefuted evidence of delivery and use of that processor; and, consequently, the court similarly erred in finding a failure of consideration for Pehlman's guaranty of Colorfilm's performance.
Due to the fact that a portion of the complaint in this action must be reinstated, we would caution against the allowance of any further amendment to the pleadings by the defendant to add any defenses in the nature of breach of warranty. The second processor was purchased on an "as is, where is" basis. The acceptance of this provision in the contract by the defendant rules out any warranty of fitness which might otherwise be involved in this action. W. E. Hedger Co. v. United States, D.C., 42 F.2d 553; American Elastics, Inc. v. United States, D.C., 84 F.Supp. 194.
For the reasons above, the trial court's dismissal of plaintiff's complaint as to the first film processor is affirmed; but the dismissal is reversed as to the second processor, and the case is remanded with instructions to reinstate the complaint as to that processor, and for further proceedings in conformance herewith.
DWYER and DUFFORD, JJ., concur.