**M. GRANT, Plaintiff-Appellant,**

v.

**Annie Bell OTEN, Defendant-Appellee.**

**No. 79CA0504.**

Colorado Court of Appeals, Div. II.

March 26, 1981.

Peter Razatos and James M. DeRose, Denver, for plaintiff-appellant.

Caskins & Chanzit, William J. Caskins, Jr., Denver, for defendant-appellee.

SMITH, Judge.

Plaintiff, M. Grant, appeals the trial court's judgment dismissing her complaint in which she sought to foreclose a deed of trust recorded against real property owned by defendant, Annie Bell Oten. We affirm.

On August 16, 1961, defendant purchased a house. She paid for the house by assuming a note and deed of trust dated September 16, 1959, and by paying a cash down payment. The evidence showed that on the date defendant purchased the house, the note, secured by the deed of trust, had a remaining balance of $4,870.20.

Seven months later, on March 1, 1962, defendant, who was functionally illiterate and blind, executed a new note in the amount of $6,000 and a deed of trust further encumbering the same property. While the new note and deed of trust increased defendant's indebtedness by a substantial amount, admittedly no payment of money or other consideration was given to defendant in return for her execution of the new note and deed of trust. The original deed of trust remained of record until 1964, when it was released. There was no evidence as to either the balance, or the disposition of the note.

On February 28, 1979, in a trial to the court, plaintiff sought to foreclose upon the deed of trust which had been executed on March 1, 1962. Plaintiff alleged that the note which this deed secured was in default in the amount of $7,893.09 plus interest from July 1973. At the conclusion of the trial, the court dismissed the complaint on the grounds that the March 1, 1962, instruments were nullities in that the evidence presented did not demonstrate that plaintiff gave value to defendant in return for such note and deed of trust. In this regard, the trial court specifically stated "the essence of my finding is that there is no consideration."

On appeal, plaintiff contends that the trial court's finding that the March 1, 1962, note and deed of trust were not supported by consideration is in error. He bases his argument on the rule that a presumption arises from the existence of a signed written instrument that it is supported by adequate consideration.

Plaintiff relies for his authority on the case of *Houston Fearless Corp. v. Pehlman*, 480 P.2d 113 (Colo.App.1970) (not selected for official publication). While we agree that this statement of law is generally correct, we note that this presumption is rebuttable. *Dunlap v. Fort Mohave Farms, Inc.*, 89 Ariz. 387, 363 P.2d 194 (1961). And, this presumption exists only so long as there is no evidence of lack of consideration. Thus, when evidence tending to prove lack of consideration is introduced, the issue of whether there was valid consideration becomes a question of fact for the trier of fact. *Blonder v. Gentile*, 149 Cal.App.2d 869, 309 P.2d 147 (1957); *Dunlap v. Fort Mohave Farms, Inc., supra; Houston Fearless Corp. v. Pehlman, supra.*

Defendant testified that she received no consideration of any kind in return for her execution of the new note. Furthermore, the record discloses that the defendant was functionally illiterate and partially blind when she signed the second note and deed of trust and that she was totally dependent upon the plaintiff and her employer, who had prepared these instruments, for an explanation as to the effect they would have if she signed them.

Hence, although the execution of the March 1, 1962, note and deed of trust by defendant, without more, gave rise to the presumption that they were given in exchange for valuable consideration, that presumption was effectively rebutted by defendant's testimony to the contrary coupled with the fact that plaintiff's witnesses were unable, when questioned, to establish through the use of business records, or even from their own memories, that any exchange of money or anything else of value had occurred.

Based upon its review of the evidence, the trial court concluded that plaintiff was not entitled to foreclose upon the March 1, 1962, deed of trust because, as it found, there was absolutely no consideration given for the note. There is sufficient evidence in the record to support the trial court's findings, and thus, we are bound by them. *Dennett v. Mt. Harvard Development Co.*, Colo.App., 604 P.2d 699 (1979). Based upon the trial court's finding of no consideration, its ultimate conclusion was correct.

We have considered appellant's other contentions of error and find them to be without merit.

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.